UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60941-CIV-COHN

ERIC WATKINS,

      Plaintiff,

v.

D. KORENIC, Broward Sheriff Officer,

      Defendant.

_____/

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiff's *pro se* Complaint [DE 1] and

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs

[DE 3] ("Application").  The Court has carefully reviewed the Complaint and Application

and is otherwise fully advised in the premises.

On January 30, 2014, Plaintiff filed an earlier *pro se* action against Defendant,

purporting to assert a claim under 42 U.S.C. § 1983.  See Watkins v. Korenic, Case No.

14-60257-CIV-COHN, DE 1 (S.D. Fla. filed Jan. 30, 2014) ("First Complaint").  In that

case, Plaintiff alleged that Defendant had violated Plaintiff's First Amendment rights by

threatening to arrest him for trespass if he continued to sing an anti-gay song on private

property.  See id. at 2-3.  Conducting a screening of the First Complaint in accordance

with 28 U.S.C. § 1915(e)(2)(B), this Court found that Plaintiff had failed to state a claim

for violation of § 1983:

> Plaintiff alleges that he was on private property at the time
> that the Defendant made the alleged threat to have him
> arrested.  Compl. at 2.  It is well-recognized that the First
> Amendment generally does not provide protection for activity
> undertaken on private property.  Geibels v. City of Cape

> <u>Coral</u>, 861 F. Supp. 1049, 1052 (M.D. Fla. 1994) (citations
> omitted); <u>see also</u> <u>Laterza v. Lowe's Home Centers, Inc.</u>,
> No. 10-81586-CIV, 2011 WL 855304, at *3 (S.D. Fla. Mar. 9,
> 2011).  Thus, Plaintiff has failed to state a claim upon which
> relief can be granted.

Case No. 14-60257, DE 6 at 2-3 (Order Dismissing Action).  The Court therefore

dismissed the First Complaint without prejudice, closed the case, and later denied

reconsideration.  <u>See</u> <u>id.</u> at 3; DE 8 (Order Den. Pl.'s Mot. for Recons.).

On April 22, 2014, Plaintiff filed his present Complaint ("Second Complaint").[1]

The Second Complaint alleges substantially the same facts as the First Complaint.  But

instead of relying expressly on the First Amendment, the Second Complaint claims that

Defendant violated Plaintiff's "constitutional right to access and use private property

open to the general public."  DE 1 at 4.  Plaintiff, however, fails to explain how

Defendant violated this right other than by deterring Plaintiff from singing an anti-gay

song on private property.  Indeed, Plaintiff's central theory—that Defendant's threat to

arrest him infringed his free-speech rights—remains unchanged.  <u>See</u> <u>id.</u> (asserting that

because of Defendant's conduct, "Plaintiff felt threatened and was intimidated and

stopped singing the song on the private property").  As discussed in the Court's Order

dismissing the First Complaint, these facts do not state a valid § 1983 claim.  Plaintiff's

Second Complaint therefore must be dismissed for failure to state a claim on which

relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Although courts "should freely give leave [to amend a pleading] when justice so

requires," Fed. R. Civ. P. 15(a)(2), dismissal with prejudice is appropriate "if a more

carefully drafted complaint could not state a claim."  <u>Ziemba v. Cascade Int'l, Inc.</u>, 256

---

[1]  The same day, Plaintiff filed a Notice of Appeal [DE 9] of the Order denying
reconsideration in Case No. 14-60257.

F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted).  Here, as the Court

has now twice held, Plaintiff's free-speech claim is legally groundless.  And no amount

of re-drafting can cure that basic problem.  Thus, the Court will dismiss the Second

Complaint with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the above-styled action is **DISMISSED**

       **WITH PREJUDICE**;

2.     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

       Costs [DE 3] is **DENIED**; and

3.     The Clerk of Court shall **CLOSE** this case and **DENY AS MOOT** all other

       pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 24th day of April, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Eric Watkins, *pro se*
1 NW 33rd Terrace
Lauderhill, FL  33311

3